UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA C., ) | |
| ) | |
| Plaintiff, ) | No. 19-cv-6426 |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| ANDREW M. SAUL, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Diana C.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability benefits. The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment (dkt. 11) is DENIED and Defendant's motion for summary judgment (dkt. 20) is GRANTED. The final decision of the Commissioner denying benefits is affirmed, as detailed below.

**1.    Background**

Plaintiff applied for Disability Insurance Benefits ("DIB") in September 2016, alleging she became disabled on May 1, 2011. (R 13, 111.) Plaintiff's date last insured ("DLI") was September 30, 2015. (R 15; 42 U.S.C. §§416(i)(3), 423(c)(1)(B)). In order to receive Disability Insurance Benefits, a claimant must establish she was disabled prior to her date last insured; evidence of problems after her date last insured cannot support a finding of disability. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017); *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012); *Martinez v. Astrue*, 630 F.3d 693, 699 (7th Cir. 2011). Thus, the relevant period for Plaintiff's disability claim is May 1, 2011, to September 30, 2015.

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

Plaintiff's DIB application was denied initially and upon reconsideration. (R. 76-87.) Plaintiff appealed those denials and appeared at a June 12, 2018 Administrative Hearing before Administrative Law Judge ("ALJ") Roxanne J. Kelsey. (R. 30-53.) On October 10, 2018, ALJ Kelsey issued an unfavorable decision, concluding that Plaintiff had not established she was disabled prior to her DLI. (R. 13-21.) The ALJ found that Plaintiff had the severe impairments of diabetes, non-alcoholic fatty liver disease, obesity, and a history of thyroid cancer, but that gastroparesis was not a severe impairment during the relevant period. (R. 15.) The ALJ ultimately determined Plaintiff retained the residual functional capacity to perform light work, including her past work as an office manager. (R. 17.) Plaintiff, through counsel, filed the instant action on September 27, 2019, seeking review of the Commissioner's decision. (Dkt. 4.)

**2.      Social Security Regulations and Standard of Review**

The Court's scope of review here is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir.2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

3.  **Discussion**

Plaintiff raises two issues with the ALJ's opinion: (1) the ALJ allegedly failed to follow SSR 18-01p, which purportedly requires the ALJ to infer a date on which Plaintiff's gastroparesis began; and (2) the ALJ allegedly erroneously determined Plaintiff's gastroparesis was not-medically determinable and non-severe.

### 3.1  SSR 18-01p is Inapplicable

Plaintiff asserts SSR 18-01p requires the ALJ to infer a date on which her gastroparesis began. However, Plaintiff's argument is misplaced. SSR 18-01p (and its predecessor SSR 83-20) addresses the onset of disability, not the onset of an individual impairment. When an ALJ does not find a claimant disabled, there is "no need to find an onset date" under the applicable version of the Ruling because it "addresses the situation in which an administrative law judge makes a finding that an individual is disabled as of an application date and the question arises as to whether the disability arose at an earlier time." *Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004); *see also Kenefick v. Astrue*, 535 F. Supp. 2d 898, 907 (N.D. Ill. 2008) ("SSR 83-20 comes into play once an ALJ determines a claimant has a disability…By contrast, the ALJ here did not find Claimant disabled. On remand, if the ALJ finds Claimant not disabled as of [the DLI], SSR 83-20 would not be triggered."). Both SSRs make clear that they are applicable *only* when there has been a finding of disability. There was no such finding here, and therefore SSR 18-01p does not apply. The ALJ was not obligated to consider the onset date for a non-existent disability. The Court will not remand on this basis.

### 3.2  The ALJ Appropriately Assessed Plaintiff's Gastroparesis Allegations

Although Plaintiff takes issue with the ALJ's assessment of her allegations concerning gastroparesis and its symptoms, Plaintiff fails to point to any record evidence that undermines the

3

ALJ's assessment in this area.[2] Nonetheless, the Court will address the appropriateness of the ALJ's gastroparesis assessment.

In her decision, the ALJ explained that Plaintiff alleged severe gastrointestinal problems, but the evidence did not substantiate that she experienced those problems *during the period at issue* (*i.e.*, May 1, 2011, to September 30, 2015). (R. 15.) The ALJ noted Plaintiff's testimony that gastroparesis caused her to take frequent unplanned bathroom breaks, but found little support for those allegations from the relevant period. (R. 15-16, 32.) The ALJ found that Plaintiff treated with a gastroenterologist in 2008, three years prior to her alleged onset date, and complained of daily diarrhea that had been occurring for years. (R. 15, 560.) Plaintiff underwent a 2008 colonoscopy, with results suspicious for irritable bowel syndrome but inconclusive pathology. (R. 15, 562-63.) After this 2008 diagnostic procedure, plaintiff did not return or seek follow-up with a gastroenterologist until approximately seven years later in December 2015, which was over two-months after her DLI. (R. 15, 550.) The ALJ noted that Plaintiff's December 2015 visit to the gastroenterologist was preceded by a trip to the emergency room two days earlier (still post-DLI), during which Plaintiff reported frequent bowel movements. (R. 16, 491.) Moreover, the ALJ noted that during Plaintiff's gastroenterologist visit, Plaintiff did not mention diarrhea, but instead complained of reflux and frequent belching. (R. 16, 550.) Plaintiff's return to the gastroenterologist resulted in further post-DIL testing in December 2015 and January 2016, the results of which were consistent with gastroparesis. (R. 16, 385.)

Though she did not seek treatment from any specialist for gastroparesis or other gastrointestinal complaints during the relevant period, Plaintiff did seek and receive other medical

---

[2] Plaintiff's opening brief fails to cite any medical evidence whatsoever. (Dkt 11-1, pp. 1-5.) Plaintiff's reply brief contains a single citation to the medical evidence of record in this case, and it is to Plaintiff's 2012 complaint of diarrhea to her primary care provider, Dr. Agrawal, who effectively treated Plaintiff's diarrhea with medication (*see infra*). (Dkt. 25, p. 2.)

4

care, which the ALJ considered. The ALJ noted that Plaintiff reported diarrhea to her primary care provider, Lily Agrawal, M.D., in April 2012. (R. 16, 325.) Dr. Agrawal reported in February 2013, however, that the medication she prescribed had effectively treated Plaintiff's complaints, recording that Plaintiff's diarrhea was better. *Id*. The ALJ noted that Plaintiff visited Dr. Agrawal numerous times thereafter without any complaining of diarrhea. (R. 16, 327-28.) The lack of a diagnosis during the relevant period, the lack of significant or specialty treatment, and the effectiveness of medication in alleviating Plaintiff's diarrhea all reasonably led the ALJ to conclude Plaintiff had not demonstrated she experienced a severe gastrointestinal impairment between May 1, 2011 and September 30, 2015. (R. 16.)

The ALJ also revisited plaintiff's gastroparesis allegations when assessing Plaintiff's residual functional capacity. (R. 18-19.) The ALJ again acknowledged Plaintiff's allegations about frequent bathroom usage, and again explained why she concluded the evidence did not substantiate those allegations during the relevant period. *Id*. The ALJ again explained that Dr. Agrawal recorded a complaint of diarrhea in April 2012, but also recorded in February 2013 that medication had effectively treated that diarrhea. (R. 19, 324-28.) The ALJ considered that Plaintiff did not seek any other treatment for diarrhea during the relevant period, and that when she returned to a gastroenterologist in December 2015, she did not mention diarrhea as a problem. (R. 19.) Based on this review of the evidence, the ALJ reasonably concluded that Plaintiff had not established that she experienced limitations due to diarrhea, gastroparesis, or any other gastrointestinal condition during the relevant period. *Id*.

While Plaintiff may believe it unfair her post-DLI diagnosis of gastroparesis is not enough to establish disability prior to her date last insured, the ALJ did give retrospective consideration to Plaintiff's post-DLI gastroparesis diagnosis – the ALJ simply found Plaintiff's earlier medical records were not enough to support or establish a condition existed severe enough to be classified

5

as disabling prior to Plaintiff's DLI. The ALJ determined there simply was not enough linkage between Plaintiff's pre-DLI state of health and her post-DLI diagnosis of gastroparesis to classify Plaintiff as disabled during the period at issue. There are hard and fast rules that require a claimant to establish disability prior to their date last insured in order to receive Disability Insurance Benefits. 20 C.F.R. § 404.131; *Schloesser*, 870 F.3d 717; *Shideler*, 688 F.3d 311; *Martinez*, 630 F.3d 699. Plaintiff does not now, on the present review, offer any reason to believe it likely or possible that her post-DLI diagnosis indicates she satisfied a pre-DLI condition of disability, nor does she contradict any evidence relied on by the ALJ or the ALJ's findings thereon.

The Court can find no error with the ALJ's analysis of Plaintiff's gastroparesis symptoms, and Plaintiff has pointed to no evidence that would change the Court's mind. Although Plaintiff argues it is reasonable to infer that her gastroparesis did not occur overnight, she has failed to demonstrate the ALJ erred in her analysis of the available evidence concerning (the lack of) any gastroparesis symptoms during the period at issue. The Court will not remand on this basis.

**4.     Conclusion**

Plaintiff's motion for summary judgment (dkt. 11) is DENIED and Defendant's motion for summary judgment (dkt. 20) is GRANTED. The Court affirms hereby the final decision of the Commissioner denying benefits.

**ENTERED: 1/14/2021**

_____

Susan E. Cox,
United States Magistrate Judge